IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SABRINA COLE                                                                              PLAINTIFF

V.                                    CASE NO. 5:23-CV-5074

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY                                       DEFENDANT

## OPINION AND ORDER

Before the Court is Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Partial Motion to Dismiss – Bad Faith, Count II (Doc. 7), filed on May 8, 2023. Plaintiff Sabrina Cole has not filed a response to the Motion, and the time to do so has now passed.

According to the Complaint (Doc. 3), on April 27, 2022, Ms. Cole was involved in a motor vehicle accident with Manuel Franco in Barry County, Missouri. Ms. Cole contends she sustained bodily injury in the accident due to Mr. Franco's negligence. At the time, Mr. Franco was an under-insured motorist operating an under-insured vehicle. His coverage was issued by eSurance and covered up to $25,000 in damages. Ms. Cole admits eSurance paid her the policy's limit of $25,000, but claims she incurred more than that in damages. She called upon her own insurer, State Farm, to pay the shortfall, and though State Farm made her a settlement offer, she deemed it too low and filed suit.

State Farm's Motion to Dismiss only concerns Ms. Cole's claim for bad faith. In ruling on a motion to dismiss, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the nonmoving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quotation omitted). "[A] complaint must contain sufficient factual matter, accepted as true,

1

to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). The alleged facts must be specific enough "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Id*. Furthermore, a court is not required to "blindly accept the legal conclusions drawn by the pleader from the facts." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

Arkansas recognizes a claim for bad faith when "an insurance company affirmatively engages in dishonest, malicious, or oppressive conduct in order to avoid a just obligation to its insured." *Selmon v. Metro. Life Ins. Co.*, 372 Ark. 420, 426 (2008) (quoting *Columbia Nat'l Ins. Co. v. Freeman*, 347 Ark. 423, 429 (2002)). Bad faith conduct must be "carried out with a state of mind characterized by hatred, ill will, or a spirit of revenge." *Unum Life Ins. Co. of Am. v. Edwards*, 362 Ark. 624, 628 (2005); *see also Switzer v. Shelter Mut. Ins. Co.*, 362 Ark. 419, 433 (2005). In other words, a bad faith claim will fail unless the complaint contains at least some facts to show that the insurer's treatment of the insured was motivated by malice, hatred, ill will, or a spirit of revenge.

Ms. Cole maintains State Farm acted in bad faith by:

    a) Refusing to timely answer demands made by their insured in violation of the Unfair Claims Settlement Practices Act;

    b) Failing to conduct an adequate and thorough investigation into the demand for benefits made by Plaintiff;

    c) Refusing to meet Plaintiff's demand for benefits under the contract without conducting an affirmative investigation;

    d) Failing to implement reasonable standards regarding the prompt investigation of claims made by their insured;

    e) Failing to effectuate a prompt, fair, equitable settlement when liability had become reasonable clear; [and]

    f) Compelling their insured to litigate by offering substantially less than the true value of the case.

(Doc. 3, ¶ 20).[1]

None of these allegations state a claim for bad faith. The standard is rigorous and difficult to satisfy. *Unum Life*, 362 Ark. at 627. "Mere negligence or bad judgment is insufficient so long as the insurer is acting in good faith. The tort of bad faith does not arise from a mere denial of a claim; there must be affirmative misconduct." *Selmon*, 372 Ark. at 426 (citation omitted); *see also Am. Health Care Providers v. O'Brien*, 318 Ark. 438 (1994) (holding that nightmarish red tape, an insurance representative's abrupt attitude following cancellation of a group policy, and confusion over the referral process did not amount to bad faith).

**IT IS THEREFORE ORDERED** that the Partial Motion to Dismiss (Doc. 7) is **GRANTED** and Count Two is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** on this 2nd day of June, 2023.

                                            TIMOTHY L. BROOKS
                                            UNITED STATES DISTRICT JUDGE

---

[1] The Complaint also lists the elements of a bad faith claim and states in conclusory fashion that State Farm committed this tort. *See, e.g.*, Doc. 3. at ¶¶ 21–23. Such statements are insufficient to state a legal claim.